IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JABBOK SCHLACKS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-CV-04118-BCW |
| | ) | |
| NEIL CHHEDA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' motion to dismiss. (Doc. #27). The Court, being duly advised of the premises, grants in part and denies in part said motion.

## BACKGROUND

Plaintiffs Jabbok and William Schlacks are brothers who are executive officers of EquipmentShare.com, Inc. ("ES") and hold significant shares of ES. (Doc. #8). Plaintiffs had a business relationship with Defendant Neil Chheda ("Chheda"). Along with being a director at ES, Chheda is also the primary manager and representative to Defendants Schlacks 2020 Transfer, LLC, ("Transfer") and RC Opportunity, LLC ("RC"). (Doc. #8). With the ES Board of Director's permission, Chheda created a plan to create an ES Venture Fund that would be funded under an Equity Bonus Plan ("EBP"). On December 31, 2020, Plaintiffs individually entered into option agreements with Transfer that originally would give Transfer the option to acquire one-third of the shares that Plaintiffs would individually receive through the EBP. (Docs. #8-9 & #8-10). The option agreements did not specify a service that Transfer had to provide to the ES Venture Fund, only stating that Transfer would provide "services" to ES as a company. Ids.

1

The parties made and signed two amendments to the option agreements. The first amendment lowered the amount of shares Transfer would be able to receive but made half of those shares vest immediately so Transfer could purchase them right away. (Docs. #8-18 & 8-19). The second amendment changed certain dates in the option agreements to be more aligned with the ES Board of Directors' vesting schedule and doubled the amount of shares Transfer would receive. (Docs. #8-25 & #8-26). Plaintiffs argue that despite signing the second amendment, they did not know nor agree to the second amendment doubling Transfer's option shares. (Doc. #8).

In February 2024, Transfer attempted to exercise its right to purchase its vested option shares under the terms of the option agreements and amendments. (Doc. #8). However, Plaintiffs refused to tender the shares, challenging the validity of the parties' respective option agreements and amendments due to what Plaintiffs allege as misrepresentations made by Chheda. Id. On May 22, 2024, because of Plaintiffs' alleged breach of the option agreements, Chheda, Transfer and RC (collectively "Defendants") filed for arbitration with JAMS pursuant to the LPA, arguing that Plaintiffs' refusal to comply with the option agreements is based on Plaintiffs' belief that the option shares belong to TKFLP. (Doc. #22).

On July 10, 2024, Plaintiffs filed the instant action in this Court. (Doc. #1). On July 26, 2024, Plaintiffs filed an amended complaint seeking declaratory judgment against Defendants Chheda, Transfer, and RC (collectively "Defendants"). (Doc. #8). Plaintiffs seek the following declaratory judgments against Defendants: count 1, voiding the option agreements and subsequent amendments due to fraudulent misrepresentation; count 2, voiding specifically the second amendments to the option agreements due to fraudulent misrepresentation; count 3, voiding the option agreements and subsequent amendments due to constructive fraud; count 4, voiding the option agreements and subsequent amendments due to violations of the anti-fraud provisions under

2

Missouri and federal law; count 5, voiding specifically the second amendments to the option agreements due negligent misrepresentation (in alternative to count 2); count 6, voiding the option agreements and subsequent amendments due to lack of consideration; count 7, voiding specifically the second amendments to the option agreements due to mutual mistake (in alternative to counts 2 and 5); and count 8, a stay of arbitration. (Doc. #8).

On September 27, 2024, Defendants filed the instant motion to dismiss for failure to state a claim. (Doc. #28). Specifically, Defendants argue the following: (1) counts 1-7 should be dismissed because seeking declaratory judgment on these claims is improper; (2) counts 1, 3, and 4 as it pertains to voiding the option agreements and first amendments, should be dismissed because they are time-barred; (3) counts 1-4 should be dismissed because Plaintiffs failed to plead all the elements; (4) count 5 should be dismissed because it is duplicative of its count 3 claim; (5) counts 6 and 7 should be dismissed because Plaintiffs have failed to establish the elements for the claims; and (6) count 8 should be dismissed because it is meritless as explained in Defendants' motion to compel arbitration.[1] (Doc. #28).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal based on a plaintiff's failure to state a claim upon which relief can be granted. "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Kelly v. City of Omaha, 813 F.3d 1070, 1075 (8th Cir. 2016) (citations omitted). "A claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Cole v. Homier Dist. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010) (quoting

---

[1] The Court shall consider this motion in a separate order.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Id. (quoting Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, mere conclusory statements without factual allegations to support them do not suffice. Iqbal, 556 U.S. at 678.

## ANALYSIS

Generally, a declaratory judgment action is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act. Justice Network Inc. v. Craighead Cnty., 931 F.3d 753, 764 (8th Cir. 2019) (internal emphasis and citation omitted). "Federal courts have a discretionary power to determine whether or not to exercise jurisdiction in a declaratory judgment action." NTD I, LLC v. Alliant Asset Mgmt. Co., LLC, No. 4:16CV1246 ERW, 2017 U.S. Dist. LEXIS 21050, at *18 (E.D. Mo. Feb. 15, 2017).

### I. The first-filed rule does not apply.

Defendants argue first that counts 1-7 should be dismissed because Plaintiffs are attempting to wrest the choice of forum from Defendants, who are the "natural plaintiffs" in this dispute. (Doc. #28). Defendants specifically argue that Plaintiffs did not seek a declaratory judgment to void the option agreements from this Court until after Defendants filed their arbitration complaint with JAMS, alleging Plaintiffs breached the options agreements. Because Defendants were the first to file, they believe these counts should be dismissed and disposed of in arbitration. Id.

The Eighth Circuit has held that suit for declaratory judgment aimed solely at wresting the choice of forum from the "natural" plaintiff will normally be dismissed. BASF Corp. v. Symington, 50 F.3d 555, 558 (8th Cir. 1995) (internal emphasis omitted). However, in the same case, the Eighth Circuit also noted that the natural plaintiff's choice of forum may be disturbed in compelling circumstances. Id. at 559. One of the key factors to consider when determining a

4

compelling circumstance is if allowing a declaratory judgment action would deny the injured party their "legitimate choice of forum and time for suit." Id. (Emphasis added). See also, United States Fid. & Guar. Co. v. Murphy Oil USA, 21 F.3d 259, 261 (8th Cir. 1994).

Here, Defendants did file their arbitration complaint first, alleging Plaintiffs breached the option agreements when Transfer attempted to exercise its options but Plaintiffs refused to honor the agreements. Plaintiffs then filed the instant action in this Court to void the option agreements alleging fraud and misrepresentation. For this reason, Defendants moved this Court to compel arbitration for Plaintiffs' claims. (Doc. #21). The Court has already ruled in a separate Order denying Defendants' motion and declaring Defendants' arbitration should be dismissed as it is not a legitimate forum for Defendants' dispute. (Doc. #69). Specifically, contrary to Defendants' argument, there is no valid arbitration agreement between Plaintiffs and Transfer (the only parties to the option agreements). The option agreements do not contain arbitration agreements and there is no subsequently entered arbitration agreement that applies to Plaintiffs and Transfer regarding this dispute. Because the parties have not agreed to arbitrate this dispute, JAMS has no jurisdiction over it and is precluded from arbitrating Defendants' complaint.

The Court finds that there are compelling circumstances to deviate from the first-filed rule because Transfer improperly filed their breach of contract claims with JAMS when it should have filed its claims in an appropriate court forum. Additionally, neither Defendant Chheda in his individual capacity or Defendant RC Opportunity, LLC has a breach of contract claim against Plaintiffs (as it involves the option agreements) because neither are parties to the option agreements. (Docs. #8-9 & #8-10). Because of these compelling circumstances, the Court finds that Plaintiffs filing this declaratory judgment action after Defendants filed their complaint in another forum is proper. Nw. Airlines v. Am. Airlines, 989 F.2d 1002, 1004-5 (8th Cir. 1993).

## II. Count 1 is dismissed for failure to plead all the elements and for being duplicative.

In count 1, Plaintiffs request the Court to void the option agreements and subsequent amendments for fraudulent misrepresentation by Chheda. Plaintiffs allege that Chheda represented that the shares he would receive from the option agreements would be used to benefit the EquipmentShare.com, Inc. ("ES") Venture Fund. (Doc. #8). Plaintiffs allege that they agreed to enter the option agreements because of Chheda's representation. Id. However, Plaintiffs allege that Chheda intended the entire time to only keep the shares and profit for himself. Id.

To the extent count 1 seeks to void the option agreements and first amendments, Defendants' motion to dismiss is granted. The factual allegations pled in count 1 are contradicted by the other facts pled in Plaintiffs' amended complaint and the documents Plaintiffs attached to the amended complaint. To the extent count 1 seeks to void the second amendments, Defendants' motion to dismiss is granted because it is duplicative of count 2.

As an initial matter, the option agreements provide that Delaware law governs the contracts. (Docs. #8-9 & 8-10). Missouri courts honor choice of law provisions in contracts. Flynn v. CTB, Inc., No. 1:12-CV-68 SNLJ, 2013 U.S. Dist. LEXIS 169, at *6 (E.D. Mo. Jan. 2, 2013). Therefore, Delaware law applies in the instant case. For a fraudulent misrepresentation claim to survive, a plaintiff must properly plead (1) a false representation made by the defendant; (2) the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth; (3) an intent to induce the plaintiff to act or refrain from acting; and (4) the plaintiff's action or inaction taken in justifiable reliance upon the misrepresentation. SPay, Inc. v. Stack Media Inc., No. 2020-0540-JRS, 2021 Del. Ch. LEXIS 55, at *6 (Ch. Mar. 23, 2021); Mooney v. Boeing Co., 2021 Del. Super. LEXIS 388, *8 (May 4, 2021).

6

The Court cannot reasonably infer that Plaintiffs, in signing the option agreements and first amendments, justifiably relied upon Defendants' alleged misrepresentation. While Plaintiffs argue they would not have entered into the option agreements but for Chheda's alleged statement that he would use the option shares to benefit the ES Venture Fund, Plaintiffs' amended complaint and attachments contradict this argument. In Plaintiffs' amended complaint, Plaintiffs alleged that Chheda first represented to them that they should pitch to the ES Board to use ES's Equity Bonus Plan to fund an ES Venture Plan for the benefit of **ES**. (Doc. #8 at 10) (emphasis added). Plaintiffs then allege that Chheda put in his PowerPoint presentation to the ES Board that if it authorized additional ES shares to be given to Plaintiffs from the Equity Bonus Plan, then Plaintiffs would give a third of those shares to a company run by Chheda (Transfer), which would use the option shares to benefit **ES**. (Doc. #8 at 14) (emphasis added). However, Plaintiffs attached the presentation and report and it does not indicate any of the allegations by Plaintiffs. (Docs. #8-2 & #8-3). The presentation and report discuss shares stemming from the Equity Bonus Plan but do not mention any proposal regarding a venture fund or deal between Plaintiffs and Chheda.

Secondly, Plaintiffs attached the option agreements to their amended complaint. (Docs. #9 & #10). Neither agreement expresses the arrangement Plaintiffs allege they made with Chheda. The option agreements only state that the "Buyer" of the option shares (Transfer) would provide services to ES, the company, not specifically the ES Venture Fund. <u>Ids.</u> In their amended complaint, Plaintiffs even concede that before signing the option agreements they knew the agreements did not express any written obligation to Chheda or Transfer to support the ES Venture Fund. (Doc. #8 at 11). Furthermore, Plaintiffs also concede that they signed the option agreements, signed the first amendments, and transferred the first vested option shares to Transfer before the

7

ES Venture Fund existed. Id. at 19. A reasonable person would not expect Chheda or Transfer to allocate shares or money to a venture fund that did not exist.

These admissions by Plaintiffs and supporting documents contradict Plaintiffs' factual allegations of reliance on Chheda's alleged statement that he would use the option shares bought by his company to only benefit the ES Venture Fund. Plaintiffs' documents do not support Plaintiffs' allegations. Plaintiffs admit to knowing that the option agreements they agreed to, made no obligation to Chheda or Transfer to provide anything to the ES Venture Fund. See Edinburgh Holdings, Inc. v. Educ. Affiliates, Inc., No. 2017-0500-JRS, 2018 Del. Ch. LEXIS 182, at *28 (Ch. June 6, 2018). District Courts need not accept as true factual assertions that are contradicted by the complaint itself, by exhibits attached to the complaint or documents relied on by the complaint, or by facts of which the court may take judicial notice. Williams v. First Nat'l Bank of St. Louis, No. 4:14CV01458 ERW, 2014 U.S. Dist. LEXIS 157519, at *10 (E.D. Mo. Nov. 7, 2014). Therefore, the Court does not accept Plaintiffs' reliance allegations as true regarding entering the option agreements. The Court dismisses count 1 declaratory judgment action to the extent it seeks voiding the option agreements.

Likewise, the Court's analysis above also applies to Plaintiffs entering the first amendments to the option agreements. The first amendments lowered the amount of shares Transfer would be able to receive but made half of those shares vest immediately so Transfer could purchase them right away. (Docs. #8-18 & 8-19). Plaintiffs allege no new misrepresentations made for the first amendments, relying solely on Chheda's previously alleged statements. As explained above, Plaintiffs' allegations do not establish the reliance element for a misrepresentation claim. SPay, Inc. v. Stack Media, 2021 Del. Ch. LEXIS 55, at *6. The Court dismisses count 1 to the extent it seeks to void the first amendments.

As to voiding the second amendments, the Court dismisses count 1 as duplicative of count 2. PVP Aston, LLC v. United States Bank Nat'l Ass'n, No. N22C-03-103 AML CCLD, 2023 Del. Super. LEXIS 34, at *28 (Super. Ct. Jan. 24, 2023). The Court finds Plaintiffs' claims regarding the second amendments survive as explained in the next section below. Consequently, the Court grants Defendants' motion to dismiss as to count 1.

### III. Count 2 survives Defendants' motion to dismiss

In count 2, Plaintiffs seek a declaratory judgment voiding the second amendments specifically for fraudulent misrepresentation. (Doc. #8). Along with incorporating their allegations from count 1, Plaintiffs also allege Chheda had his attorney create the second amendments and Chheda sent them over to Plaintiffs and informed Plaintiffs that his attorney only changed certain dates in the option agreements to be more aligned with the ES Board of Directors' vesting schedule. (Doc. #8 at 21). Plaintiffs attached email correspondence supporting their allegation that Chheda sent them the second amendments through Docusign indicating that the amendments "only change[d] to match new dates". (Docs. #8-23 & #8-24). However, the second amendments did not just change dates, but it also doubled the amount of shares Transfer would receive upon it being vested. (Docs #8-25 & #8-26). Plaintiffs assert that relying on Chheda's assertions that the second amendments only changed dates that were agreed upon by the parties, they signed the second amendments unaware that the amendments also doubled the option shares Transfer would be allowed to purchase. (Doc. #8).

The Court finds that at this stage of the proceedings Plaintiffs have sufficiently pled count 2 to survive Defendants' motion to dismiss. SPay, Inc. v. Stack Media, 2021 Del. Ch. LEXIS 55, at *6. Plaintiffs have alleged with supporting facts that Chheda (on behalf of Transfer) has made a false representation that the second amendments only changed dates, when in fact it also changed

9

the amount of option shares Transfer would be allowed to purchase. Plaintiffs alleged that Chheda knew that the second amendments did more than just change dates. The email correspondence Plaintiffs attached to their amended complaint reflects that Chheda wanted them to sign off on the second amendments by stating in the email the amendments only changed dates. Finally, the Court finds that a reasonable person may have relied on Chheda's representation if their email correspondence noted only talks of changing the dates to match ES and that Chheda instructed his attorney to draft the second amendments in accordance with the email correspondence. Consequently, as to count 2, Defendants' motion to dismiss is denied.

**IV.    Count 3 is dismissed for failure to plead all the elements.**

Count 3, is Plaintiffs' constructive fraud claim, where they seek to void the option agreements and subsequent amendments. (Doc. #8). Constructive fraud has all the same elements as a fraudulent misrepresentation claim (as pled in count 1) except instead of establishing Defendants' knowledge or intent to tell a false statement, Plaintiffs must show "a special relationship between the plaintiff and the defendant, such as where the defendant is a fiduciary for the plaintiff." In re Wayport, Inc. Litig., 76 A.3d 296, 327 (Del. Ch. 2013).

First, the Court's analysis of count 1 applies to count 3. Plaintiffs failed to establish they justifiably relied on Defendants' representations in signing off on the option agreements and the first amendments. Secondly, regarding all of count 3, Plaintiffs fail to properly allege counts 3's specific element that Chheda or Transfer is a fiduciary of Plaintiffs. Plaintiffs use conclusory statements, saying that Chheda was a personal advisor of theirs, but offers no supporting factual evidence of a fiduciary relationship. Conclusory statements will not suffice to survive a motion to dismiss. Iqbal, 556 U.S. at 678. The Court finds that the factual allegations only show a commercial relationship between the parties that does not rise to the level of Chheda being considered a

10

fiduciary for Plaintiffs." Prestancia Mgmt. Grp. v. Va. Heritage Found., II LLC, No. 1032-S, 2005 Del. Ch. LEXIS 80, at *23 (Ch. May 27, 2005).[2] For these reasons, as to count 3, Defendants' motion to dismiss is granted.

V. **Count 4 is dismissed for failure to plead all the elements and for being duplicative.**

In count 4, Plaintiffs seek a declaratory judgment voiding the option agreements and subsequent amendments for violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and § 409.5-501 of the Missouri Securities Act, which is patterned off of the federal statute. (Doc. #8). Plaintiffs allege the same facts as those raised in support of count 1.

To establish the claims under count 4 requires Plaintiffs to establish the same elements in count 1. McAdams v. McCord, 584 F.3d 1111, 1113 (8th Cir. 2009). Consequently, the Court's analysis in count 1 applies to count 4 as well. Plaintiffs have failed to establish the justifiable reliance element regarding the option agreements and the first amendments. "In re Gen. Motors Class E Stock Buyout Sec. Litig., 694 F. Supp. 1119, 1126 (D. Del. 1988). Additionally, as to Plaintiffs seeking to void the second amendments, their claim in count 4 is duplicative of count 2. PVP Aston, LLC, 2023 Del. Super. LEXIS 34, at *28. For these reasons, the Defendants' motion to dismiss is granted as to count 4.

VI. **Count 5 survives Defendants' motion to dismiss.**

Plaintiffs assert count 5 in the alternative to count 2. Count 5 seeks to void the second amendments to the option agreements for Chheda's alleged negligent misrepresentation. (Doc. #8). "A claim for negligent misrepresentation requires: (1) a particular duty to provide accurate information, based on the plaintiff's pecuniary interest in that information; (2) the supplying of false information; (3) failure to exercise reasonable care in obtaining or communicating

---

[2] The facts alleged may support Chheda being a fiduciary to the company ES, but not Plaintiffs.

information; and (4) a pecuniary loss caused by justifiable reliance on the false information." Metro. Life Ins. Co. v. Tremont Grp. Holdings, Inc., No. 7092-VCP, 2012 Del. Ch. LEXIS 287, at *67 (Ch. Dec. 20, 2012).

Plaintiffs have sufficiently pled the elements for count 5. Plaintiffs have alleged that Chheda contacted them requesting to create the second amendments to change the dates to be more in line with the ES vesting schedule. (Doc. #8 at 20). After agreeing, Plaintiffs allege that Chheda had his attorney draft the second amendments in accordance with the parties' agreement. Id. at 21. Chheda then sent the second amendments to Plaintiffs informing them that it only changed the dates. Accepting the factual allegations as true, the Court finds that a reasonable person would believe that as the initiator and creator of the second amendments, Chheda had a particular duty to provide accurate information as to what the second amendments contained. Additionally, Plaintiffs have sufficiently pled that Chheda provided false information, failed to use reasonable care in providing said information, and as the Court analyzed above in count 2, Plaintiffs justifiably relied on Chheda's false information about the second amendments.

For these reasons, count 5 survives as an alternative to count 2. Defendants' motion to dismiss count 5 is denied.

## VII. Count 6 is dismissed because the option contracts express adequate consideration.

In count 6, Plaintiffs seek a declaratory judgment voiding the option agreements and subsequent amendments for lack of consideration. (Doc. #8). Plaintiffs argue that Chheda (on behalf of Transfer) did not take on any obligations in exchange for the option agreements, such that the option agreements had no consideration and are void. However, the option agreements that Plaintiffs attached to their amended complaint state that the consideration offered is "in connection with services to be provided to [ES] by or on behalf of [Transfer]. (Docs #8-9 & #8-10). The option

agreements also state that the parties agree and acknowledge that "good and valuable consideration" has been sufficient and received. Id. ("NOW THEREFORE, in consideration for the foregoing and the mutual covenants and agreements hereinafter set forth, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the parties hereto hereby agree as follows:"). "Delaware courts do not appraise the value of consideration. Nor do they assess whether it is fair or adequate. Instead, Delaware courts ask if consideration exists." Tigani v. Fisher Dev. Co., No. N21A-05-001 CEB, 2022 Del. Super. LEXIS 139, at *12 (Super. Ct. Apr. 6, 2022). Here, the option agreements signed by the parties declare that consideration exists.

Furthermore, in Plaintiffs' amended complaint, they argue that consideration did not exist because Chheda did not provide a service to the ES Venture Fund. However, the option agreements do not require Chheda or Transfer to provide services to the ES Venture Fund, only to provide services to ES as a company. Id. In their amended complaint, Plaintiffs concede that after the option agreements were entered into, Chheda worked with ES to form the structure of TKF II LP, which was "the embodiment of the ES Venture Fund." (Doc. #8 at 20). Therefore, at least one service has been provided to ES. As to count 6, Plaintiffs' factual allegations contradict other facts alleged and the option agreements attached to the amended complaint. When this happens, the Court does not have to accept those allegations as true. Williams, 2014 U.S. Dist. LEXIS 157519 at *10. For these reasons, under the applicable law, Plaintiffs have failed to properly plead a lack of consideration claim. Defendants' motion to dismiss is granted as to count 6.

### VIII. Count 7 is dismissed because Plaintiff failed to allege a mutual mistake.

Count 7 is Plaintiffs' mutual mistake claim. (Doc. #8). Plaintiffs seek a declaratory judgment voiding the second amendments to the option agreements, claiming that the parties did

not intend for the second amendments to double the amount of option shares available to Transfer for purchase. For a mutual mistake claim, a plaintiff must plead factual allegations establishing "that (1) both parties were mistaken as to a basic assumption, (2) the mistake materially affects the agreed-upon exchange of performances, and (3) the party adversely affected did not assume the risk of the mistake." Hicks v. Sparks, 89 A.3d 476, 476 (Del. 2014).

Here, Plaintiffs amended complaint contradicts the allegation in count 7 that both parties were mistaken about the doubling of the option shares available to Transfer. Plaintiffs alleged in their amended complaint that Chheda (in representation of Transfer) notified them that Transfer was entitled to double the option shares per the second amendments of the option agreements. (Doc. #8 at 24). Plaintiffs also allege that Chheda knew and intended to mispresent the second amendments so to double the option shares. Id. at 27-8. Therefore, Plaintiffs have conceded to Defendants' argument. Turner v. ILG Techs., LLC, No. 2:21-cv-04192-NKL, 2023 U.S. Dist. LEXIS 87141, at *4 (W.D. Mo. May 18, 2023).

Even though count 7 is pled in the alternative, it still must be a viable claim based on the factual allegations pled in Plaintiffs' amended complaint. While the Court must accept as true all well-pled factual allegations, it need not accept as true any conclusory statements or allegations contradicted by the complaint. Firmenich Inc. v. Nat. Flavors Inc., No. N19C-01-320 MMJ [CCLD], 2020 Del. Super. LEXIS 155, at *7 (Super. Ct. Apr. 7, 2020). Plaintiffs' amended complaint only uses conclusory statements to allege their mutual mistake claim. Additionally, Plaintiffs factual allegations of Chheda' intent on behalf of Transfer contradicts any allegation that their was a mutual mistake. For these reasons, Defendants' motion to dismiss is granted as to count 7.

**IX. Count 8 is dismissed because the demand is redundant.**

In count 8, Plaintiffs seek the Court to stay the pending JAMS arbitration until the Court can decide the arbitrability of the claims brought by Defendants. (Doc. #8). Given the dispute in the instant case and the dispute in the JAMS arbitration complaint are intermingled with each other, the Court considered the arbitrability of the claims brought by Defendants in the JAMS arbitration (as well as the claims brought by Plaintiffs in the instant action) in the Court's Order denying Defendants motion to compel arbitration. (Doc. #69). Because the Court has already considered the arbitrability of Defendants' claims in its previous order, a declaratory judgment to stay arbitration until the Court considers the claims is redundant. "[A] redundant declaratory judgment claim is not a proper declaratory judgment claim and should be dismissed." Jacobs v. Fareportal, Inc., No. 8:17CV362, 2018 U.S. Dist. LEXIS 241361, at *13 (D. Neb. Sep. 24, 2018) (citing Mille Lacs Band of Chippewa Indians v. Minnesota, 152 F.R.D. 580, 582 (D. Minn. 1993)).[3] Therefore, the Court grants Defendants' motion as to count 8.

Based on the analysis above, the Court finds that the instant action shall proceed with count 2 and count 5 (in the alternative to count 2) only. Accordingly, it is hereby

ORDERED Defendants' motion to dismiss (Doc. #27) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

Dated: February 14, 2025   /s/ Brian C. Wimes
   JUDGE BRIAN C. WIMES
   UNITED STATES DISTRICT COURT

---

[3] Defendants also argue that the "first-filed rule" warrants dismissal of count 8 because Defendants first filed their JAMS arbitration complaint before Plaintiffs filed the instant action. (Doc. #28). However, as the Court explained above, because JAMS is not a court with jurisdiction over this action, the first filed rule does not apply. Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985).

Case 2:24-cv-04118-BCW   Document 70   Filed 02/14/25   Page 15 of 15